JUAN RAFAEL CINTRÓN, demandante y apelado, *v.* RAFAEL GALLARDO DÍAZ, demandado y apelante.

Núm. 7788.—*Sometido:* Junio 16, 1939. *Resuelto:* Junio 21, 1939.

*Faustino R. Aponte,* abogado del apelante; *Pablo Andino Espejo,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

El demandado en un pleito de filiación se dejó anotar la rebeldía y apela de una sentencia adversa basada en la evidencia aducida por el demandante durante el juicio. El único señalamiento de error es al efecto de que:

"La Corte de distrito cometió error al dictar sentencia en rebeldía teniendo por base una demanda que no aducía hechos suficientes para determinar una causa de acción."

 El demandante alegó:

"1.—Alega que el demandado, Rafael Gallardo Díaz y Andrea Cintrón Cognet, siendo ambos solteros, sostuvieron relaciones amorosas pública y notoriamente por algún tiempo.

"2.—Alega que durante dichas relaciones amorosas y como fruto de ellas fué engendrado y nació el demandante en la municipalidad de San Juan, P. R., sin que al tiempo de la concepción o nacimiento, ni antes o algún tiempo después, tuviesen sus padres impedimento legal alguno para contraer matrimonio.

"3.—Alega que desde la concepción del demandante, Juan Rafael Cintrón, el demandado, Rafael Gallardo Díaz, hasta el presente, por actos voluntarios del mismo, ha reconocido que lo concebido por Andrea Cintrón Cognet, madre del demandante, es descendencia suya, habida en las relaciones maritales con aquélla."

El artículo 125 del Código Civil (ed. 1930) lee en parte como sigue:

"El padre está obligado a reconocer al hijo natural:

  *   *   *   *   *   *   *

"2.—Cuando el hijo se halle en la posesión continua del estado de hijo natural del padre demandado, justificada por actos del mismo padre o de su familia."

No era necesario, a nuestro juicio, alegar en las propias palabras del estatuto la posesión continua del estado de hijo natural. La alegación de los hechos sobre la concepción y nacimiento del demandante, seguida de la alegación de que desde la concepción del demandante hasta el momento de radicarse la demanda, el demandado, por actos voluntarios, había reconocido al demandante como descendencia suya, habida en las relaciones maritales con la madre del demandante, era una alegación suficiente de la posesión continua por parte del demandante del estado de hijo natural del demandado. Si la aseveración de que "el demandado, por actos voluntarios, había reconocido al demandante como descendencia suya", no equivalía a la alegación de un hecho último, sino más bien, conforme alega el apelante, a una conclusión de derecho, entonces el defecto fué subsanado por las conclusiones de la corte y por su sentencia. Podría admitirse que en la demanda se exponía defectuosamente una buena causa de acción. Ella no dejaba por completo de aducir una causa de acción. Véanse *Colón* v. *Sucn. Tristani,* 44 D.P.R. 171; *Negrón* v. *Sucn. Izquierdo,* 46 D.P.R. 660, y *Rivera* v. *Izquierdo,* 52 D.P.R. 302, 306.

*La sentencia apelada debe ser confirmada.*

Los Jueces Asociados Sres. Wolf y De Jesús disintieron.*

---

* NOTA: Véase el prefacio.