Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| LOURDES AMBERT GONZÁLEZ; JORGE ADRIÁN DÁVILA DÁVILA<br><br>Recurridos<br><br>v.<br><br>SAIRIS ANAID DIEPPA LÓPEZ<br><br>Peticionaria | KLCE202400794 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br>Sala de Menores<br><br>Caso número: CG2024RF00208<br><br>Sobre: FILIACIÓN Y CUSTODIA |
|---|---|---|

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**S E N T E N C I A**

En San Juan, Puerto Rico, a 30 de agosto de 2024.

Comparece ante *nos,* Sairis Anaid Dieppa López (Dieppa López o peticionaria) y nos solicita que revisemos la *Resolución* emitida y notificada el 21 de junio de 2024, por el Tribunal de Primera Instancia, Sala de Relaciones y Familia de Bayamón (TPI o foro primario). Mediante el referido dictamen, el foro primario declaró *No Ha Lugar* la *Solicitud de Desestimación bajo la Regla 10.2,* que presentó la parte peticionaria.

Por los fundamentos que exponemos a continuación, se *expide* el auto de *certiorari* y, en consecuencia, se *confirma* la *Resolución* recurrida. Además, declaramos *No Ha Lugar* la *Moción en Solicitud de Desestimación por Falta de Jurisdicción* que presentó la Lcda. Sandra Rosa Rodríguez, defensora judicial del menor S.A.D.L.

**I.**

Con fecha del 14 de marzo de 2024, Lourdes Ambert González y Jorge Adrián Dávila Dávila (en conjunto, los recurridos) presentaron una *Demanda* sobre filiación y custodia compartida en contra de Dieppa López. A grandes rasgos, alegaron ser los padres

de Jeremy Adrián Dávila Ambert, quien falleció el 26 de noviembre de 2023 y que presuntamente es el padre biológico del menor S.A.D.L. Manifestaron que el menor fue inscrito con los apellidos de la peticionaria y que esta se negó a que su hijo, Jeremy Adrián Dávila Ambert, reconociera al menor. Señalaron que son los abuelos paternos del menor; por lo cual, solicitaron que se permita y ordene la filiación y que se realice una determinación sobre custodia compartida.[1]

Así las cosas, el 22 de mayo de 2024, Dieppa López presentó una *Solicitud de Desestimación bajo la Regla 10.2.* En síntesis, solicitó la desestimación de la *Demanda* por dejar de exponer una reclamación que justifique la concesión de un remedio. Planteó que en la *Demanda* no surge una alegación sobre la existencia de un matrimonio entre esta y Jeremy Adrián Dávila Ambert, que active la presunción de paternidad bajo el Artículo 568 del Código Civil de Puerto Rico (31 LPRA sec. 7122). Indicó, además, que los recurridos no tienen legitimación activa para presentar la acción de filiación, pues no han demostrado ser los herederos de Jeremy Adrián Dávila Ambert.

En desacuerdo, el 20 de junio de 2024, los recurridos presentaron una *Oposición a la Desestimación presentada por la parte demandada bajo la Regla 10.2.* En la misma, acentuaron que son los herederos de Jeremy Adrián Dávila Ambert, pues este no procreó, reconoció o adoptó otros hijos con derecho a sucederle. Adujeron que poseen legitimación activa para presentar la acción de filiación. Asimismo, solicitaron que se le nombrara un defensor judicial al menor que proteja adecuadamente sus intereses y bienestar.

---

[1] Junto a la *Demanda* la parte recurrida presentó el Certificado de Nacimiento de su hijo Jeremy Adrián Dávila Ambert, un *DNA Test Report,* el Certificado de Defunción de Jeremy Adrián Dávila Ambert y el Certificado de Nacimiento del menor S.A.D.L.

Oportunamente, el 21 de junio de 2024, el TPI emitió una *Resolución* mediante la cual declaró *No Ha Lugar* la solicitud de desestimación que presentó la parte peticionaria. Consecuentemente, el 25 de junio de 2024, el foro primario emitió una *Orden* mediante la cual le ordenó a la parte recurrida a que enmendara la *Demanda* para incluir al menor como parte indispensable y a la madre por sí y en su representación. Ese mismo día, la parte recurrida presentó una *Demanda Enmendada*.

Entretanto, el 27 de junio de 2024, el TPI emitió una *Orden* mediante la cual nombró a la Lcda. Sandra Rosa Rodríguez como defensora judicial del menor. Posteriormente, el 2 de julio de 2024, se expidió el emplazamiento dirigido al menor S.A.D.L. El 16 de julio de 2024, la peticionaria presentó una *Solicitud de Certiorari* ante este Tribunal y alegó la comisión de los siguientes errores:

**A. Erró el Tribunal de Primera Instancia al no desestimar el caso <u>Lourdes A. González y otro v. Sairis A. Dieppa López</u>, CG2024RF00208, a pesar de que los demandantes no tienen legitimación activa para llevar una acción filiatoria, ya que el artículo 559 del Código Civil de Puerto Rico no autoriza, ni crea, una acción judicial de filiación a favor del progenitor o, en caso de su muerte, a favor de sus herederos para forzar la filiación en un hijo o hija que no lo ha solicitado; y aun si la creara, cosa que se niega, los demandantes no han demostrado tener legitimación activa para llevar dicha acción ya que no han presentado Declaratoria de Herederos o un Testamento y su correspondiente certificación del Registro de Testamentos para demostrar que estos son los herederos de su hijo Jeremy Adrián Dávila Ambert.**

**B. Erró el Tribunal de Primera Instancia al no desestimar el caso <u>Lourdes A. González y otro v. Sairis A. Dieppa López</u>, CG2024RF00208, a pesar de que los artículos del Código Civil de Puerto Rico que regulan el tema establecen que son los progenitores los llamados a ejercer tanto la patria potestad como la custodia sobre sus hijos.**

Examinado el recurso de *Certiorari,* este Tribunal emitió una *Resolución* el 31 de julio de 2024, concediéndole un término de veinte (20) días a la parte recurrida para que expresara su posición

al recurso. Ulteriormente, el 6 de agosto de 2024, el menor S.A.D.L. representado por la Lcda. Sandra Rosa Rodríguez, defensora judicial de este, presentó una *Moción en Solicitud de Desestimación por Falta de Jurisdicción*. En esta, solicitó la desestimación del recurso de *certiorari* por falta de jurisdicción. Arguyó que el 16 de julio de 2024, la peticionaria notificó al TPI la cubierta del recurso de epígrafe; sin embargo, nunca le notificó, a la defensora judicial del menor, copia del recurso de *certiorari*.

En vista de ello, el 9 de agosto de 2024, este Tribunal emitió una *Resolución* concediéndole un término de diez (10) días a la parte peticionaria para que presentara su posición a la solicitud de desestimación. Ese mismo día, la parte peticionaria presentó una *Oposición a Moción en Solicitud de Desestimación por Falta de Jurisdicción*. Aseveró que no procede la desestimación del recurso de epígrafe, pues el recurso se presentó el 16 de julio de 2024 y el menor fue emplazado el 31 de julio de 2024. Explicó que a la fecha en que se presentó el recurso de *certiorari* ante este Tribunal, el menor S.A.D.L. aun no era parte del pleito, por lo que no era necesaria la notificación.

El 21 de agosto de 2024, la parte recurrida presentó un *Alegato en Oposición*. Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A.  *Certiorari***

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León Corp. v. AIG*, 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). En particular, es

un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León Corp. v. AIG, supra.* Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Banco Popular v. Gómez Alayón y otros,* 2023 TSPR 145, 213 DPR ___ (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari.* Véase, *Scotiabank of PR v. ZAF Corp.,* 202 DPR 478, 486-487 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra,* dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación,*

165 DPR 311, 322 (2005); *Meléndez Vega v. Caribbean Intl. News*, 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari. Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari,* o de una orden de mostrar causa:
>
> A.  Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari,* por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra,* pág. 918.

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o

varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *Banco Popular v. Gómez Alayón y otros, supra.* Véase, además, *Pueblo v. Rivera Santiago, supra*, pág. 581; *S.L.G. Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

**B. Jurisdicción**

Como es sabido, "[la] jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias". *Municipio de Aguada v. W Construction, LLC y otros*, 2024 TSPR 69, 213 DPR ____ (2024). Véase, además, *RB Power, Inc. v. Junta de Subastas de la ASG PR*, 2024 TSPR 24, 213 DPR ___ (2024); *Pueblo v. Torres Medina*, 211 DPR 950 (2023); *Cobra Acquisitions, LLC. v. Mun. de Yabucoa*, 210 DPR 384 (2022). Así, para adjudicar un caso el tribunal debe tener tanto jurisdicción sobre la materia como sobre las partes litigiosas. *Cobra Acquisitions, LLC. v. Mun. de Yabucoa, supra*, pág. 394. Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *RB Power, Inc. v. Junta de Subastas de la ASG PR, supra*; *Torres Alvarado v. Maderas Atiles*, 202 DPR 495 (2019).

En ese sentido, el Tribunal Supremo de Puerto Rico ha enfatizado consistentemente que la falta de jurisdicción "trae consigo las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la

nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu propio*". *MCS Advantage, Inc. v. Fossas Blanco y otros*, 211 DPR 135 (2023). Véase, además, *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018); *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

Además, sabido es que ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 909 (2011). Las cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado*, 172 DPR 216, 222 (2007). Véase, además, *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 355 (2003); *Autoridad Sobre Hogares v. Sagastivelza*, 71 DPR 436, 439 (1950). Al hacer esta determinación, debe desestimarse la reclamación sin entrar en los méritos de la controversia. *MCS Advantage, Inc. v. Fossas Blanco y otros, supra*; *González Santos v. Bourns P.R., Inc.*, 125 DPR 48, 63 (1989). En consecuencia, la ausencia de jurisdicción es insubsanable. *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 683 (2011); *Vázquez v. A.R.P.E.,* 128 DPR 513, 537 (1991).

Por lo tanto, un tribunal que carece de jurisdicción únicamente tiene jurisdicción para así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 264 (2018). Véase, además, *Moreno González v. Coop. Ahorro Añasco*, 177 DPR 854, 859-860 (2010); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). A tenor con lo anterior, les corresponde a los tribunales

ser los guardianes de su jurisdicción, independientemente de que la cuestión haya sido planteada anteriormente o no. *Dávila Pollock et al. v. R.F. Mortgage and Investment Corp.*, 182 DPR 86, 97 (2011). Véase, además, *Moreno González v. Coop. Ahorro Añasco, supra*, pág. 859; *S.L.G. Szendrey-Ramos v. F. Castillo, supra.* Así pues, de un tribunal dictar sentencia sin jurisdicción, su decreto será jurídicamente inexistente o *ultra vires*. *Municipio de Aguada v. W Construction, LLC y otros, supra* citando a *Maldonado v. Junta de Planificación*, 171 DPR 46 (2007).

Cónsono con lo anterior, nuestro máximo Foro ha establecido que la falta de oportuna notificación a todas las partes en el litigio conlleva la desestimación del recurso de apelación. *González Pagán v. Moret Guevara*, 202 DPR 1062 (2019). Es decir, un recurso que no se notifique a todas las partes, priva de jurisdicción al tribunal para ejercer su función revisora. Íd.

**C. Desestimación**

La Regla 10.2 de Procedimiento Civil (32 LPRA Ap. V) le permite al demandado solicitar que se desestime la demanda en su contra antes de contestarla. R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, 5ta ed., San Juan, LexisNexis de Puerto Rico, Inc., 2010, pág. 266. La precitada regla dispone lo siguiente:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; (6) dejar de acumular una parte indispensable. Regla 10.2 de Procedimiento Civil, *supra.*

Así pues, entre las defensas mediante las cuales una parte puede solicitar la desestimación de la causa instada en su contra se encuentra el "dejar de exponer una reclamación que justifique la concesión de un remedio". Regla 10.2 (5) de Procedimiento Civil,

*supra*. Véase, además, *Costas Elena y otros v. Magic Sport Culinary Corp. y otros*, 2024 TSPR 13, 213 DPR __ (2024); *Bonnelly Sagrado v. United Surety*, 207 DPR 715 (2021).

Ante una moción de desestimación fundamentada en la referida regla, "el tribunal tomará como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas". *Cobra Acquisitions, LLC v. Municipio de Yabucoa, supra*. Véase, además, *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008); *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497, 505 (1994). Luego, debe determinar si, a base de esos hechos que aceptó como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. *Costas Elena y otros v. Magic Sport Culinary Corp. y otros, supra*.

Asimismo, deberá interpretar las alegaciones de forma conjunta, liberal y de la manera más favorable posible en favor del demandante. *Bonnelly Sagrado v. United Surety, supra; Torres v. Torres et al.*, 179 DPR 481, 502 (2010). De hecho, tampoco procede la desestimación de la demanda si esta es susceptible de ser enmendada. *Clemente v. Dept. de la Vivienda*, 114 DPR 763 (1983).

Al atender este tipo de moción, el tribunal deberá tener en cuenta que, conforme lo dispone la Regla 6.1 de Procedimiento Civil (32 LPRA Ap. V), la demanda sólo tiene que contener "una relación sucinta y sencilla de la reclamación demostrativas de que el peticionario tiene derecho a un remedio", por lo que la norma procesal que rige establece que las alegaciones solo buscan "notificarle a la parte demandada a grandes rasgos, cuáles son las reclamaciones en su contra." *Torres v. Torres et al., supra*, pág. 501. Es por esto que una demanda no será desestimada, salvo que se demuestre "que el demandante no tiene derecho a remedio alguno, bajo cualesquiera hechos que pueda probar". *Consejo de*

*Titulares v. Gómez Estremera et al.,* 184 DPR 407, 423 (2012); *Aut. Tierras v. Moreno & Ruiz Dev. Corp, supra,* pág. 428. Por consiguiente, el asunto a considerar es, "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". *Pressure Vessels P.R. v. Empire Gas P.R., supra,* pág. 505. Finalmente, este mecanismo procesal no debe ser utilizado en aquellos casos que envuelven un alto interés público, excepto que no haya duda de que, de los hechos alegados en la demanda, no es posible conceder un remedio adecuado al demandante. *Aut. Tierras v. Moreno & Ruiz Dev. Corp, supra,* pág. 429.

**D. Filiación**

> Es regla evidente de la Biología que cada hijo tiene, necesariamente, un padre y una madre. "Para el Derecho, sin embargo, puede carecer de uno de ellos o de los dos, porque la procreación es un hecho productor de efectos jurídicos, pero entre estos efectos no está siempre (sino cuando concurren ciertas circunstancias) la atribución de un estado de filiación". A. R. Calderón, JR., La Filiación en Puerto Rico, 2da ed. rev., San Juan, Ed. Colegio de Abogados, 1978, pág. 5.

La *filiación* es el estado civil de la persona, determinado por la situación que, dentro de una familia, le asigna el haber sido engendrada en ella o el estar en ella en virtud de la adopción o de otro hecho legalmente suficiente al efecto. *Beníquez et al. v. Vargas et al.,* 184 DPR 210 (2012). Es decir, la filiación tiene lugar por naturaleza – matrimonial o extramatrimonial – o por adopción; y, tanto una como la otra, surten los mismos efectos porque, tan pronto el Derecho recoge la realidad biológica, distribuye derechos y obligaciones entre las personas relacionadas con ese vínculo. R. E. Ortega – Vélez, Lecciones Derecho de Familia Con referencias al Código Civil 2020, San Juan, Ed. Situm, 2023, pág. 46. A todos los hijos matrimoniales o no matrimoniales, el ordenamiento jurídico le atribuye los mismos derechos, facultades, obligaciones, deberes,

incompatibilidades y prohibiciones dentro de la familia y de la sociedad. Íd., citando a *Almodóvar v. Méndez,* 125 DPR 218 (1990).

Así pues, todos los hijos tienen los mismos derechos y las mismas obligaciones respecto a sus progenitores. Artículo 555 del Código Civil (31 LPRA sec. 7101). El hijo tiene derecho a: (a) llevar el apellido de cada progenitor; (b) recibir alimentos por parte de ambos progenitores; (c) exigir en su favor la protección que surge de la patria potestad que sus progenitores ejercen sobre él; y (d) participar de la herencia de cada uno de los progenitores. Artículo 558 del Código Civil (31 LPRA sec. 7104).

Según establece nuestro ordenamiento jurídico, "[u]n progenitor puede reconocer de cualquier modo al hijo. Si el progenitor ha muerto el derecho y la obligación de hacer tal reconocimiento se transmiten a sus herederos. Los herederos de un progenitor pueden reconocer al hijo aun después de haber caducado la acción filiatoria". Artículo 559 del Código Civil (31 LPRA sec. 7105).

Toda persona puede pedir que se declare judicialmente su estado de hijo de cualquiera de sus progenitores durante la vida de estos. Artículo 561 del Código Civil (31 LPRA sec. 7111). Muerto el progenitor, la acción debe incoarse contra sus herederos, dentro del plazo de dos (2) años, contados a partir de su muerte, salvo en los casos siguientes: (a) si el progenitor muere durante la minoridad o la incapacidad absoluta del hijo, este puede presentar la acción dentro del plazo de los cuatro (4) años siguientes a la fecha en la que alcance la mayoría de edad o en la que termine su estado de tutela; o (b) si después de la muerte del progenitor aparece algún documento u otras pruebas materiales en las que se reconozca expresamente al hijo, este puede presentar la acción dentro del año siguiente del hallazgo o del conocimiento de dichas pruebas. Íd.

De otro lado, se ha resuelto que en la demanda de filiación no es necesario detallar minuciosamente los hechos que dan lugar a la misma, pues esos detalles son materia a ser aportada en la celebración del juicio, como prueba. Calderón, JR., *op cit.*, pág. 84. Además, no hay que usar en las alegaciones las palabras exactas del estatuto; basta que se aleguen los hechos que dan lugar a la causa de acción de forma general. Íd. Véase, además, *Cintrón v. Gallardo*, 55 DPR 157 (1939). Así pues, la filiación puede establecerse con cualquier prueba admisible en un tribunal conforme a las Reglas de Evidencia. Artículo 565 del Código Civil (31 LPRA sec. 7115).

**III.**

En primer lugar, nos corresponde resolver si procede la solicitud de desestimación por falta de jurisdicción que presentó la Lcda. Sandra Rosa Rodriguez, como defensora judicial del menor S.A.D.L.

De conformidad con los hechos aquí reseñados, el 27 de junio de 2024, el foro primario emitió una *Orden* mediante la cual nombró a la Lcda. Sandra Rosa Rodríguez como defensora judicial del menor. El 2 de julio de 2024, el TPI expidió el emplazamiento dirigido al menor S.A.D.L. El 16 de julio de 2024, la peticionaria presentó una *Solicitud de Certiorari* ante este Tribunal. Así, el 31 de julio de 2024, el menor S.A.D.L. fue emplazado a través de la peticionaria.

Por lo tanto, a la fecha en que se presentó el recurso que nos ocupa el menor aun no era parte del pleito; en consecuencia, no era necesaria la notificación. Esto, pues aun el foro *a quo* no había adquirido jurisdicción sobre él. Así pues, procede declarar *No Ha Lugar* la *Moción en Solicitud de Desestimación por Falta de Jurisdicción*.

En segundo lugar, nos corresponde atender los señalamientos de error que presentó la peticionaria. En su recurso, la peticionaria acentuó que erró el TPI al no desestimar el caso, a pesar de que los

recurridos no tienen legitimación activa para llevar una acción filiatoria, ya que el Artículo 559 del Código Civil de Puerto Rico no autoriza, ni crea, una acción judicial de filiación a favor del progenitor o, en caso de su muerte, a favor de sus herederos para forzar la filiación en un hijo o hija que no lo ha solicitado; y aun así si la creara, los recurridos no han demostrado tener legitimación activa para llevar dicha acción, ya que no han presentado una Declaratoria de Herederos o un Testamento y su correspondiente certificación del Registro de Testamentos para demostrar que estos son los herederos de su hijo Jeremy Adrián Dávila Ambert.

Además, la peticionaria adujo que erró el TPI al no desestimar el caso, a pesar de que los artículos del Código Civil de Puerto Rico que regulan el tema establecen que son los progenitores los llamados a ejercer tanto la patria potestad como la custodia sobre sus hijos.

Según el derecho que antecede, entre las defensas mediante las cuales una parte puede solicitar la desestimación de la causa instada en su contra se encuentra el "dejar de exponer una reclamación que justifique la concesión de un remedio". Regla 10.2 (5) de Procedimiento Civil, *supra*. Ante una moción de desestimación fundamentada en la referida regla, "el tribunal tomará como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas". *Cobra Acquisitions, LLC v. Municipio de Yabucoa, supra*. Luego, debe determinar si, a base de esos hechos que aceptó como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. Íd.

De igual manera, deberá interpretar las alegaciones de forma conjunta, liberal y de la manera más favorable posible en favor del demandante. *Bonnelly Sagrado v. United Surety, supra.* Así, el tribunal deberá tener en cuenta que, conforme lo dispone la Regla

6.1 de Procedimiento Civil, *supra,* la demanda sólo tiene que contener "una relación sucinta y sencilla de la reclamación demostrativas de que el peticionario tiene derecho a un remedio", por lo que la norma procesal que rige establece que las alegaciones solo buscan "notificarle a la parte demandada a grandes rasgos, cuáles son las reclamaciones en su contra." *Torres v. Torres et al., supra.*

En el caso ante *nos,* tal y como resolvió el foro primario, no procede la desestimación de la *Demanda.* Surge del expediente ante nuestra consideración que, los recurridos son los padres de Jeremy Adrián Dávila Ambert, presunto padre biológico del menor S.A.D.L. Además, surge que Jeremy Adrián Dávila Ambert falleció el 26 de noviembre de 2023, sin hijos con derecho a sucederle. Para acreditar que los recurridos son los padres de Jeremy Adrián Dávila Ambert, estos presentaron su Certificado de Nacimiento y el Certificado de Defunción. Estos documentos, son parte de los documentos que se presentan al Tribunal para llevar a cabo el procedimiento de Declaratoria de Herederos. Por lo tanto, el no haber presentado la Declaratoria de Herederos en esta etapa de los procedimientos, no acarrea automáticamente la desestimación de la *Demanda* por dejar de exponer una reclamación que justifique la concesión de un remedio.

Asimismo, debemos dejar claro que nuestro ordenamiento jurídico permite que los herederos de un causante soliciten la filiación de su hijo. A esos efectos, el Artículo 559 del Código Civil establece que, "[u]n progenitor puede reconocer de cualquier modo al hijo. Si el progenitor ha muerto el derecho y la obligación de hacer tal reconocimiento se transmiten a sus herederos. Los herederos de un progenitor pueden reconocer al hijo aun después de haber caducado la acción filiatoria". En el caso ante *nos,* hasta el momento los únicos herederos de Jeremy Adrián Dávila Ambert lo son los

recurridos; por lo tanto, estos tienen el derecho y la obligación de realizar el reconocimiento del menor.

No debemos perder de perspectiva que, un hijo tiene derecho a: (a) llevar el apellido de cada progenitor; (b) recibir alimentos por parte de ambos progenitores; (c) exigir en su favor la protección que surge de la patria potestad que sus progenitores ejercen sobre él; y (d) participar de la herencia de cada uno de los progenitores. Artículo 558 del Código Civil, *supra.*

## IV.

Por los fundamentos antes expuestos, *expedimos* el auto de *certiorari* y *confirmamos* el dictamen recurrido. Además, declaramos *No Ha Lugar* la *Moción en Solicitud de Desestimación por Falta de Jurisdicción* que presentó la defensora judicial del menor.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Álvarez Esnard concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones